## In re AYERS.

Court of Appeals of District of Columbia.

Submitted November 18, 1927. Decided December 5, 1927.

Petition to Modify Denied December 17, 1927.

No. 1981.

Patents ☞64—Claims for drain valve for draining water of condensation from cylinders of steam engines held anticipated.

Certain claims for drain valve device for draining water of condensation from cylinders of steam engine or locomotive *held* properly rejected, as anticipated by Seiders' valve of May 21, 1918, on consideration of patent of Miser, March 2, 1909, in connection with Edwards patent, October 1, 1912.

Appeal from the Commissioner of Patents.

In the matter of the application of Augustine R. Ayers for a patent for a drain valve for draining water of condensation from cylinders of a steam engine. From a decision of the Commissioner of Patents, rejecting some of his claims, he appeals. Affirmed.

H. H. Benjamin and R. B. Stewart, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The invention is described as a drain valve for draining the water of condensation from the cylinders of steam engines or locomotives. It comprises a valve which automatically permits the water of condensation to drain from the cylinders when the steam pressure is relieved, or reduced below a certain point, and automatically closes when the steam is turned on. The valve also acts automatically to prevent an undue amount of air from entering the cylinders when the locomotive is coasting. In case the valve fails to operate as intended, a pressure-actuated piston is provided to force the valve open and allow the water to drain off. The operation of the piston is

controlled manually by turning on or off the steam supply. The piston is so arranged that the fluid pressure operates to force the valve from its seat, and a spring is provided for returning the piston to its initial position when the fluid pressure is cut off.

The application as amended contained 19 counts, all of which were rejected by the Examiner. The applicant appealed to the Board of Examiners in Chief, who affirmed the rejection of claims 1 to 5, 7, 10 to 14, 16, and 17, but allowed applicant's other claims. From this decision the applicant appealed to the Commissioner of Patents, who affirmed the rejection of claims 1 to 4, 7, 16, and 17, and recommended that claim 14 be rejected, as not patentable over claim 10. Accordingly 11 of applicant's claims were allowed by the Commissioner, and 6 were rejected. The applicant has appealed from this decision, thereby challenging the rejection of claims 1 to 4, 7, 16, and 17, and the adverse recommendation as to claim 14.

Claims 1 and 17, which are illustrative, read as follows:

"1. A drain-valve device, comprising, in combination, a casing adapted for communication with a fluid container to be drained and having a drain port, a valve for closing said port responsive to fluid pressure and unresponsive to the flow of liquid, and fluid pressure actuated means for moving the valve." 

"17. A drain-valve device, comprising, in combination, a casing adapted for communication with a fluid container to be drained and having a drain port, a bushing provided with an adjustable valve seat, and a relatively fixed seat opposed thereto, which are arranged between said communication and port, and a ball valve and a socket for said valve arranged below both of said valve seats, the valve being responsive to fluid pressure and unresponsive to liquid."

The references relied upon are Miser, March 2, 1909; White, April 16, 1912; Edwards, October 1, 1912; and Seiders, May 21, 1918.

The decisions of the Patent Office disagreed as to the claims which were finally allowed by the Commissioner, but were concurrent in rejecting the claims involved in this appeal. We do not find it necessary to discuss the claims in detail, for we fully agree with the decision of the Commissioner. Claims 1, 2, 3, 4, and 16 are rightly rejected on the patent of Miser, in connection with the Edwards patent. Claims 7 and 17 are anticipated by Seiders' valve. Claim 14 is not patentably distinguished from claim 10,

since, as said by the Commissioner, "there is nothing inventive in adjusting a spring." The refusal to allow additional claims is also approved.

The decision of the Commissioner of Patents is accordingly affirmed.